John F. ENGLISH et al., Appellants,

v.

John CUNNINGHAM et al., Appellees
(two cases).

Nos. 15677, 15682.

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1960.

Decided June 1, 1960.

On Consideration on Original Records
June 14, 1960.

Mr. Herbert J. Miller, Jr., Washington, D. C., with whom Messrs. Raymond G. Larroca and Joseph DuCoeur, Washington, D. C., were on the pleadings, for the Board of Monitors.

Mr. Eugene F. Mullin, Jr., Washington, D. C., with whom Mr. J. Parker Connor, Washington, D. C., was on the pleadings, for Lawrence T. Smith, Monitor.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges, in Chambers.

PER CURIAM.

### Order

These cases came on for consideration on appellants' motion for a stay and on the original record.

Whereas the charter of the Monitors in these cases is the Consent Decree approved by the District Court January 31, 1958, as interpreted and modified with the approval of this Court in its decision of June 10, 1959, 106 U.S.App.D.C. 70, 269 F.2d 517, read in light of the Memorandum of Mr. Justice Frankfurter in English v. Cunningham, 361 U.S. 905, 80 S.Ct. 187, 4 L.Ed.2d 181;

And whereas it follows from the foregoing that the powers of the Monitors are vested in them as a Board constituted in accordance with the Consent Decree;

And whereas the Consent Decree provides that "a majority vote of the Monitors shall be determinative of any action to be taken by the Monitors," and our decision above referred to states, 106 U.S.

App.D.C. at page 83, 269 F.2d at page 530, "the Monitors must use procedures which afford opportunity for all three Monitors to participate. Each has responsibilities as an officer of the court";

And whereas it appears that the orders of the District Court of March 14, 1960, involved in appeals Nos. 15,677 and 15,682, denied rescission of informal authorization by the District Court to the Chairman of the Board of Monitors to direct the activities of the law firm employed by the Board except that the Board would pass upon any new substantive matters that were to be presented to the Court, and that the Chairman was also to have authority to employ and retain three additional staff lawyers for the purposes of litigation;

And whereas the informal authorizations referred to appear from the foregoing to be with respect to important matters, involving considerable expenditures of money, and also appear, therefore, to be matters for decision only by the Board;

And whereas the provision of the Consent Decree that the Monitors "are at all times * * * subject as officers of the Court to supervision and direction of the Court in performing these duties as hereinafter enumerated" is not believed to empower the District Court to delegate to the Chairman of the Board functions which reside in the Board under the Consent Decree;

It is Ordered by the Court that the effect of the orders of the District Court of March 14, 1960, above referred to, is stayed pending hearing and disposition of these appeals, with the consequence that the informal authorization by the District Court to the Chairman of the Board of Monitors to direct the activities of the law firm and to employ and retain three additional staff attorneys is stayed pending hearing and disposition of these appeals.

WILBUR K. MILLER, Circuit Judge (dissenting).

I dissent from the foregoing order which not only grants a stay of the denial of a motion to rescind an informal authorization, but also stays the effectiveness of the informal authorization itself.

The facts are these: Without entering an order, Judge Letts informally authorized the Chairman of the Board of Monitors, acting alone, to perform certain administrative functions. The appellants, who were the defendants in the original action, moved the District Court to rescind the informal authorization and, their motion having been denied, they appealed. At the same time the appellants moved in this court for a stay of the order of denial, and for a stay of all proceedings in the District Court pending determination of the status of individual monitors and pending the disposition of a motion in this court for an order directing the immediate calling of a convention of the Teamsters.

On May 5, 1960, we entered an order sua sponte consolidating the appeals, Nos. 15,677 and 15,682, requiring the appellants to file their brief by May 20 and appellees by June 4, and advancing the cases for oral argument to a date as soon after June 6 as the court's business will permit. As all briefs have not yet been filed and oral argument has not been had, I think we should at this time confine our order to a disposition of the motion for a stay.

In the first place, I question whether the order of the District Court denying the appellants' motion to rescind the informal authorization is appealable; and, if it is, I question the standing of the appellants to appeal from it. While they say they are hurt by it, they do not say how. In the absence of a showing of injury, it seems to me the appellants have no reason to object to the informal authorization, and therefore have no standing to appeal from the District Court's order of denial. I am inclined to believe that only the other two monitors have standing to question the authorization of the Chairman to act alone in certain respects, and it is significant that neither of them has appealed.

Even if the appellants have standing to appeal, they are not entitled to a stay of

the order appealed from because they do not show they will suffer irreparable injury without that relief. Since the appellants' motion for a stay does not allege how they will be irreparably injured by Judge Letts's informal authorization, it should remain in effect until these cases are finally submitted on the merits.

In the second place, I think the foregoing order goes too far. The appellants moved only for a stay of the District Court's order denying their motion to rescind the informal authorization. Granting a stay would, of course, leave the informal authorization in effect. So, the majority go further: they not only stay the order of denial but also say the consequence is "that the informal authorization by the District Court * * * is stayed pending hearing and disposition of these appeals." Thus they go beyond what the appellants sought in their motion for a stay.

Moreover, the recitals of the order indicate, I think, that the majority have determined these appeals on the merits, before all briefs have been filed, before oral argument has been had, and before the cases have been submitted for that purpose.

## On Consideration on Original Records

Mr. David Previant, Milwaukee, Wis., for appellants other than James R. Hoffa.

Messrs. Edward Bennett Williams, Harold Ungar and Raymond W. Bergan, Washington, D. C., were on the brief for appellants.

Mr. Raymond G. Larroca, Washington, D. C., with whom Mr. Herbert J. Miller, Jr., Washington, D. C., was on the brief, for Board of Monitors.

Mr. Seymour Spelman, Alexandria, Va., entered an appearance for appellees Boggia and others.

Messrs. J. Parker Connor and Eugene F. Mullin, Jr., Washington, D. C., entered appearances for Lawrence T. Smith, Monitor.

**PER CURIAM.**

These cases came on for consideration on the original records and were argued by counsel.

Upon consideration whereof we adhere to the reasons set forth in our order of June 1, 1960, staying the orders of the District Court of March 14, 1960, referred to in our order of June 1, 1960, and set aside said orders of the District Court of March 14, 1960, with the consequence that the informal authorization by the District Court to the Chairman of the Board of Monitors to direct the activities of the law firm and to employ three additional staff attorneys is held invalid.